NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2466
_____

DIRAHN DENNIS GILLIAMS,
                                                                   Appellant

v.

UNIVERSAL MUSIC GROUP; CASH MONEY RECORDS;
JAMES SCHEFFER; DWAYNE CARTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-03889)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed April 22, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Dirahn Dennis Gilliams, proceeding pro se, appeals from the District Court's

dismissal of his complaint with prejudice.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2022, Gilliams filed a complaint against Universal Music Group ("UMG") and others, raising claims of copyright infringement and unjust enrichment.[1] Dkt. No. 1. He alleged that, between 2007 and 2009, he sent songs to the defendants, who then shared and copied those songs without his permission and without compensating him. Id. at 4-5. He sought monetary relief. Id. at 5. UMG filed a motion to dismiss. Dkt. No. 17. The District Court granted UMG's motion and dismissed Gilliams' complaint with prejudice as barred by claim preclusion or, alternatively, as time-barred. Dkt. No. 24. Gilliams filed a timely notice of appeal. Dkt. No. 27.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a motion to dismiss is plenary. Wilson v. USI Ins. Serv. LLC, 57 F.4th 131, 139-40 (3d Cir. 2023).

In his appellate brief, Gilliams failed to develop arguments identifying error in the District Court's decision.[2] See C.A. Dkt. No. 18. He has thus forfeited any arguments he

---

[1] Gilliams brought copyright infringement and state law claims against the same defendants or their privies in 2010, which the District Court dismissed with prejudice. Dkt. Nos. 35 & 59, Gilliams v. Carter, et al., No. 2:10-cv-01914 (E.D. Pa.).

[2] Gilliams asserts on appeal that he actually raised a breach of contract claim as to a 2011 settlement agreement in his complaint. C.A. Dkt. No. 18 at 4-9. Gilliams apparently entered an agreement with Lavell Crump a/k/a David Banner and Crump Tight Music Publishing, neither of which are parties to this matter. See Dkt. No. 2. Gilliams neither referenced the agreement or a breach of contract claim in his complaint, Dkt. No. 1, nor did he otherwise raise this argument to the District Court. Gilliams' attachment of the agreement to his complaint, Dkt. No. 1 at 8 & Dkt. No. 2, was insufficient to state a breach of contract claim. Fed. R. Civ. P. 8(a); see Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only fair notice, but also the grounds on which the claim rests." (quotation marks and citation omitted)). He may not raise new claims on appeal. See Webb v. City of Phila., 562 F.3d 256, 263 (3d Cir. 2009).

has not raised in his opening brief, and "it is well settled that a passing reference to an issue will not suffice to bring that issue before this court." Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) (quotation marks omitted).

Gilliams' infringement claim, brought in 2022 but premised on events that occurred between 2007 and 2009, was barred by the Copyright Act's three-year statute of limitations for civil actions. See 17 U.S.C. § 507(b); William A. Graham Co. v. Haughey, 646 F.3d 138, 150-51 (3d Cir. 2011) (explaining that the Act's statute of limitations is tolled "until events occur or facts surface which would cause a reasonably prudent person to become aware that she or he had been harmed" (citation and quotation marks omitted)). The District Court also correctly concluded that Gilliams' complaint was precluded by his 2010 suit, which was based on the same cause of action, was brought against the same defendants or their privies, and ended with a final judgment on the merits. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 276-77 (3d Cir. 2014).[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3] As the District Court explained, claim preclusion bars both claims that the plaintiff brought and could have brought, and courts focus on "the *essential similarity* of the underlying events giving rise to the various legal claims." Blunt, 767 F.3d at 277 (emphasis in original).